UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gavin Power, LLC,

    Plaintiff,

    v.

United States Environmental
Protection Agency, *et al.*,

    Defendants.

Case No. 2:24-cv-41

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

The United States Environmental Protection Agency ("E.P.A.") and Michael S. Regan (collectively, "Defendants") move to stay this case pending the outcome of an action in the United States Court of Appeals for the District of Columbia Circuit. ECF No. 20. For the following reasons, the motion is **GRANTED**.

**I.**

In 2018, the D.C. Circuit ruled that coal-fired power plants (the "Plants") must close certain disposal impoundments (the "Closure"). *USWAG v. EPA*, 901 F.3d 414 (D.C. Cir. 2018). In response, the EPA set a deadline for the Plants to finish the Closure. *See* 85 Fed. Reg. 53,516 (August 23, 2020). Gavin Power, LLC ("Plaintiff") is one of the Plants and sought an extension of the deadline. *See* 87 Fed. Reg. 72989 (Nov. 28, 2022). The EPA denied that request (the "Gavin Order"). *Id.*

Later, Plaintiff and several other entities challenged various EPA actions—including the Gavin Order—before the D.C. Circuit. *See* Docket, *Gavin Power, LLC*

*v. EPA*, D.C. Circuit Case No. 23-1038 ("*Gavin I*"). Among other things, Plaintiff argues in *Gavin I* that the Gavin Order impermissibly created a new rule (the "Rule"). Pet. Opening Brief, *Gavin I*. *Gavin I* is still pending. *See generally*, Docket, *Gavin I*. Meanwhile, Plaintiff filed the Complaint here ("*Gavin II*"). Compl., ECF No. 1. One of Plaintiff's allegations here is that the EPA improperly applied the Rule to one of Plaintiff's facilities in Ohio (the "Ohio Facility"). *Id.*

Defendants argue that the Court should stay this case pending the resolution of *Gavin I*. Mot., ECF No. 20.

## II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). When considering whether to grant a stay, courts often evaluate the following factors:

> (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court.

*Kirby Dev., LLC v. XPO Glob. Forwarding, Inc.*, No. 2:18-cv-500, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 20, 2018) (citing cases).

All factors favor a stay here. First, consider whether a stay will simplify the issues and reduce the burden of litigation. A ruling in *Gavin I* could be at least partially dispositive here: if the D.C. Circuit agrees with Plaintiff that the Rule is invalid as a whole, that would obviate any need for this Court to decide whether Defendants properly applied the Rule to the Ohio Facility. In other words, the Court would not need to determine whether Defendants erred in their factual findings in support of applying the Rule to the Ohio Facility if, per *Gavin I*, Defendants should not have applied the Rule at all. Thus, waiting for resolution of *Gavin I* may significantly reduce the litigation needed here and simplify (or perhaps even eliminate) the issues. *See Burris v. Dodds*, No. 2:19-CV-815, 2023 WL 2607538, at *1 (S.D. Ohio Mar. 23, 2023) (finding a stay pending the resolution of an appeal would "significantly simplify the issues and reduce the burden of litigation" where the appeal could resolve a threshold legal question).

Next, the need for a stay favors granting Defendants' motion. If the Court were to proceed with *Gavin II* while *Gavin I* is pending, this Court and the D.C. Circuit could unintentionally issue conflicting rulings about the Rule's validity. Further, as described above, the resolution of *Gavin I* could dispose of many of the major issues in the case. Thus, the "need for a stay" factor favors a stay. *See Gudger v. CareCore Health LLC*, No. 3:22-CV-239, 2023 WL 1431435, at *2 (S.D. Ohio Feb. 1, 2023) ("The stay is necessary here to resolve the crux of Plaintiff's pending motion for class certification under the correct standard." (citation omitted)).

Next, the stage of the litigation also favors a stay. *Gavin II* is a new case: Plaintiff filed the Complaint about four months ago, discovery is stayed, and the

Court has not yet issued a preliminary pretrial scheduling order. *See generally*, Docket. *Cf. TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 3060249, at *3 (S.D. Ohio Apr. 21, 2023) (concluding this factor weighed "heavily against a stay" where the case was four years old).

Finally, no party would be unduly prejudiced or tactically disadvantaged by a stay. True, a "party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council*, 565 F.2d at 396. However, resolution of *Gavin I* may be so dispositive that a stay could ultimately lead to a more efficient resolution of this case. Further, the D.C. Circuit has already heard oral argument on *Gavin I*. *See* March 7, 2024 docket entry, *Gavin I*. Thus, the stay will likely be relatively brief and would not cause undue hardship to any party.

### III.

For these reasons, the Case is **STAYED** pending the resolution of *Gavin I*. The Clerk shall terminate all pending motions in this case.

The parties are **ORDERED** to file a joint report explaining the status of *Gavin I* **EVERY SIXTY DAYS**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**