## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| GAVIN POWER, LLC, | |
| *Plaintiff*, | |
| v. | No. 2:24-cv-41 |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL., | Judge Michael H. Watson<br>Magistrate Judge Elizabeth P. Deavers |
| *Defendants*. | |

## <u>MOTION TO STAY DISCOVERY</u>

Defendants, the United States Environmental Protection Agency and its Administrator,

Michael S. Regan (collectively "EPA"), pursuant to the Order of the Court (Doc. 48),

respectfully move to stay all discovery as well as initial disclosures under Fed. R. Civ. P. 26(a).

In support of the relief requested in this Motion, the attention of the Court is respectfully directed

to the attached Memorandum in Support of this Motion submitted herewith.

Respectfully submitted,

OF COUNSEL:

LAUREL CELESTE
U.S. Environmental Protection Agency
Office of General Counsel
William Jefferson Clinton Building
1200 Pennsylvania Ave., NW
Mail Code 2344A
Washington, D.C. 20460

DATE: January 16, 2025

TODD KIM
Assistant Attorney General

PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044
202-353-7792
perry.rosen@usdoj.gov

KENNETH L. PARKER
United States Attorney

JOHN STARK
Assistant United States Attorney
U.S. Attorney's Office for the Southern
  District of Ohio
303 Marconi Blvd., Suite 200
Columbus, Ohio 43215
(614) 469-5715
John.stark@usdoj.gov

*Counsel for Defendants*

## MEMORANDUM IN SUPPORT

## INTRODUCTION

Plaintiff, Gavin Power, LLC ("Gavin"), brings this action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), challenging the denial by the Environmental Protection Agency ("EPA") of Gavin's request for an extension to initiate closure of the Bottom Ash Pond impoundment at its Cheshire, Ohio facility ("Denial Order"). The Federal Rules of Civil Procedure declare that such an action, which involves judicial review based on an administrative record supporting EPA's decision, is expressly exempt from the requirement to make initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(i). Similarly, absent "exceptional circumstances," which are neither present nor pled here, discovery is also not permitted in an action under the APA, because a challenge to an agency decision must be based *solely* on the administrative record that was before the agency when it made the challenged decision, not on extra-record documents, testimony, or on any type of post-decision record generated through discovery.

Gavin may not circumvent the prohibition on initial disclosures and discovery by relying on their common law claims of wavier and estoppel, which they contend are, unlike their other claims, not brought under the APA. As demonstrated in EPA's pending Motion to Dismiss (Docs. 41, 47), this Court may not even consider Gavin's affirmative claims of waiver and estoppel because: (a) they are solely defenses, which may not be raised in a complaint; (b) even if such issues could be considered by the Court to be freestanding affirmative claims appropriate for a complaint, Congress has not waived the United States' sovereign immunity for such claims and so they are not actionable on their face; and (c) Gavin has failed to plead the essential elements of such claims (actually, defenses) as they might apply against an agency of the United

States. A plaintiff may not obtain discovery regarding a challenged agency decision based on claims that may not even be included in a complaint, either generally or specifically against the United States.

Separately, EPA's pending Motion to Dismiss further warrants an order staying all discovery (and initial disclosures). While the filing of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted may not, in some circumstances, provide an adequate basis to stay discovery, that is not the case where the defendant demonstrates that the Court lacks jurisdiction to even consider the plaintiff's claims. As detailed in EPA's Motion to Dismiss, the Court should dismiss the claims in the Amended Complaint because: (a) Gavin's claims fail to challenge a final order of EPA; (b) Gavin's claims are not ripe; (c) Gavin lacks standing; (d) there is no legal basis to assert affirmative claims of waiver and estoppel against the United States; and (e) most of Gavin's claims are barred by issue preclusion. Except for the defense of issue preclusion, all of these defenses establish that the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Because discovery may not proceed in a case in which jurisdiction is lacking, the Court should rule on EPA's pending Moton to Dismiss and determine whether it has jurisdiction to address Gavin's claims, before even considering any request by Gavin for initial disclosures or discovery.

Finally, to the extent there might be any basis for seeking limited discovery in this case (there is not), discovery should not even be considered until after the administrative record is filed and Gavin affirmatively demonstrates that there is sufficient cause to supplement that record. As courts have explained, only then would a court be in a position to determine whether

the plaintiff can meet the exceptional circumstances under which supplementation of the record, and in particular discovery, may be permitted when challenging an agency decision.[1]

## STATEMENT OF FACTS[2]

### A.    Statutory and Regulatory Background

The Resource Conservation and Recovery Act ("RCRA") instructs EPA to promulgate regulations addressing the disposal of solid wastes, including specifically as it relates to potential contamination of groundwater.  42 U.S.C. §§ 6901(b)(4), 6907(a)(2); *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 421 (D.C. Cir. 2018) ("*USWAG*").   In 2015, EPA promulgated regulations codified at 40 C.F.R. Part 257, Subpart D, that govern the disposal and management of coal combustion residuals ("CCR"), the type of waste generated at Gavin's Cheshire, Ohio facility.  80 Fed. Reg. 21,302 (Apr. 17, 2015) ("2015 Rule").  These regulations include "Waste-in-Place Closure Requirements" which, among other things, require an operator to close unlined CCR impoundments and to do so in a manner that will: (a) "control, minimize or eliminate, to the maximum extent feasible, [1] post-closure infiltration of liquids into the waste and [2] releases of CCR, leachate, or contaminated run-off to the ground or surface waters;" (b)

---

[1] Supplementation of the administrative record, in the limited instances where it is permitted, typically involves the submission of documents that were, in fact, before the agency at the time it made its decision but were not included in the administrative record filed by the agency.  *See, e.g.*, *Center for Biological Diversity v. U.S. Forest Serv.*, No. 2:17-cv-372, 2018 WL 7200718, at *7 (S.D. Ohio, Sept. 7, 2018).  That is because a challenge to an agency decision can be based only on the materials that were before the agency at the time it made its decision.  *See* pp.8-9, *infra*.  In challenging an agency decision, supplementation of the record with materials generated in a post-decision discovery process is even more rare.

[2] For the sake of judicial economy, EPA summarizes the facts here, since they have already been more extensively set forth in EPA's pending Motion to Dismiss (Doc. 41) and Reply brief in support of that Motion (Doc. 47, "Reply Brief").  The attention of the Court is directed to those documents for the full explanation of the facts as well as the support for EPA's various jurisdictional defenses referenced above.

"[p]reclude the probability of future impoundment of water;" and (c) ensure that "[f]ree liquids" are "eliminated." 40 C.F.R. § 257.102(d)(1)(i)-(ii), (2)(i).

Pursuant to its regulations and the D.C. Circuit's decision in *USWAG* and a related case, *Waterkeeper All. v. EPA*, No. 18-1289 (D.C. Cir. March 13, 2019), Doc. 1777351, EPA issued regulations setting a default deadline of April 11, 2021, for unlined surface impoundments containing CCR, such as Gavin's Bottom Ash Pond, to cease receiving waste and initiate closure. 85 Fed. Reg. 53,516 (Aug. 28, 2020) ("2020 Rule"). A regulated entity could, however, apply to EPA for an extension of that deadline for a given unit if the entity demonstrated that the entire facility, not merely the unit that was subject to closure, complied with all applicable CCR-disposal regulations, including the Waste-in-Place Closure Requirements outlined above. 85 Fed. Reg. at 53,540/3-53,546; 40 C.F.R. § 257.103(f)(1)(iii)-(viii). Under these provisions, the April 11, 2021 deadline could not be extended past October 15, 2023 or, if specified conditions were met, October 15, 2024. 40 C.F.R. § 257.103(f)(1)(vi).

### B.  Gavin's Extension Request for its Bottom Ash Pond

In 2020, Gavin applied to extend until May 4, 2023, the deadline to cease receipt of waste and initiate closure of its Bottom Ash Pond. Am. Compl. (Doc. 36) ¶¶ 5-6. In January 2022, EPA issued an 89-page proposed order proposing to deny Gavin's request to extend the deadline for closing the Bottom Ash Pond, explaining its findings. After consideration of comments submitted in response to that proposal, and on a full record, on November 18, 2022, EPA issued a 94-page final Order denying Gavin's extension request for the closure extension and setting a new deadline of April 12, 2023, which was a mere three weeks before the revised deadline Gavin had requested. Ex. A (Denial Order). EPA found, among other things, that Gavin had failed to demonstrate that its entire facility was in compliance with the Waste-in-Place Closure

Requirements, which as noted above requires the elimination of all free liquids and infiltration of water into CCR, as well preclusion of future impoundment of water, at any impoundment on the site. EPA explained how the Fly Ash Reservoir at the Cheshire facility had been closed with CCR sitting in groundwater up to 64 feet deep across hundreds of acres, saturating up to 40% of the CCR in the unit. Ex. A at 13-45.

On February 16, 2023, Gavin, joined by other parties, petitioned the D.C. Circuit Court of Appeals to review EPA's Denial Order. *Gavin Power LLC v. EPA*, No. 23-1038 (D.C. Cir. Feb. 16, 2023), Doc. 1986478. RCRA vests the D.C. Circuit with exclusive jurisdiction to review "action of the [EPA] Administrator in promulgating any regulation, or requirement" under the statute. 42 U.S.C. § 6976(a)(1). Gavin's theory was that, in finding that Gavin failed to demonstrate the Cheshire plant was in compliance with the 2015 Rule at the time of its extension application for the Bottom Ash Pond, EPA had not applied the Waste-in-Place and other existing regulatory requirements, but had instead used the Denial Order to amend the 2015 Rule and EPA's prior interpretations thereof, i.e., to establish all new requirements.

The D.C. Circuit rejected Gavin's arguments and dismissed its petition for review, explaining how nothing in the Denial Order constituted a new or reinterpreted regulation or requirement. The Court, citing the 2015 Waste-in-Place Closure Requirements, held that "EPA regulations adopted long before 2022 independently established that unit operators could not close surface impoundments with coal residuals saturated in groundwater. EPA did not amend the existing regulations when it spelled that out in the final Gavin Denial." *Elec. Energy, Inc. v. EPA*, 106 F.4th 31, 45 (D.C. Cir. 2024). *See also id.* at 40-45.

### C. The Present Suit Challenging EPA's Denial Order

The original Complaint in this case, which like the Amended Complaint ("Am. Compl.")

challenges the identical Denial Order that Gavin challenged in the D.C. Circuit, and *only* that

order, was filed on January 4, 2024, eight months *after* the date for which Gavin sought an

extension to initiate closure of the Bottom Ash Pond, May 4, 2023.  That is only one reason that

the extension Gavin requested is no longer needed or even relevant.  In addition, in its Amended

Complaint Gavin claims that it "met EPA's [revised April 12, 2023] deadline to initiate closure,"

Am. Compl. ¶ 69, citing a notice from Gavin that the Bottom Ash Pond ceased receiving waste

on April 7, 2023, *id.* ¶ 69 n.17.  Despite the lack of a live controversy, Gavin filed its Amended

Complaint (Doc. 36) on August 30, 2024.

Counts I-III of the Amended Complaint raise issues expressly under the APA, which

were, with an exception related to EPA's findings generally regarding groundwater monitoring,

specifically addressed and rejected by the D.C. Circuit.  Count I alleges that EPA unlawfully

applied a "new 2022 Interpretation" of the 2015 Rule in finding that the Fly Ash Reservoir was

closed improperly.  Am. Compl. ¶ 84.  Count II alleges that EPA applied "new requirements" as

to closure with CCR in groundwater, thereby making a suite of "erroneous findings" in

concluding that the Cheshire plant was not in compliance with the CCR-disposal regulations.  *Id.*

¶ 88.  Count III alleges that EPA failed to provide fair notice of an alleged "new 2022

Interpretation" of the 2015 Rule as it relates to closing with CCR in groundwater.  *Id.* ¶ 112.  As

outlined *supra* and in EPA's Motion to Dismiss, the D.C. Circuit found that EPA issued no new

regulations or interpretations of its regulations, in 2022 or otherwise.

While Counts IV and V are not, like Counts I-III, expressly raised under the APA, they

do not raise actionable claims that may even be included in a complaint, either generally or more

specifically against the United States.  Count IV, entitled "Waiver," invokes no cause of action

but alleges that EPA's inaction until 2022 "waived its right to determine … that the Fly Ash

Reservoir closure, related documentation, or the [plant's] groundwater monitoring did not comply with the [2015] Rule." *Id.* ¶ 127. Count V, entitled "Estoppel," likewise invokes no cause of action but alleges that EPA "is estopped from challenging the adequacy of [the] Fly Ash Reservoir closure" or "compliance of the groundwater monitoring network." *Id.* ¶¶ 142-43.

## **ARGUMENT**

### I. **THE CLAIMS BROUGHT BY GAVIN DO NOT ALLOW FOR INITIAL DISCLOSURES OR DISCOVERY**

#### A. **Counts I-III of the Amended Complaint Challenge an Agency Decision Issued Under the APA, Which Must be Adjudicated Based Solely on the Administrative Record; Neither Initial Disclosures Nor Discovery is Permitted**

As set forth in Counts I-III of the Amended Complaint, each of these counts are brought expressly — and solely — as an alleged "Violation of the Administrative Procedure Act." Am. Compl. at pp. 33, 34 and 36 (Title of Counts I, II, and III). *See also id.* ¶ 78 (Count I, citing the APA at 5 U.S.C. §702), ¶ 86 (Count II, citing the APA at 5 U.S.C. § 706(2)(a)), ¶ 105 (Count III, citing the APA at 5 U.S.C. § 706(2)(B)). Indeed, Gavin has repeatedly stated that Counts I-III of its Amended Complaint, which "challenge EPA's facility-specific findings in EPA's rejection of a request for a deadline extension ('Final Gavin Denial') related to the Facility," are brought solely under the APA. Doc. 39 ("Revised Rule 26(f) Report") at 2.[3] *See also id.* at 4 ("Counts I-III of the Amended Complaint assert APA-based claims," citing 5 U.S.C. §§ 703-04); p.6 (listing Counts I-III as brought "under the APA."). Indeed, all of Gavin's claims are brought under the APA. *Id.* at ¶ 1 ("This is a Complaint for judicial review under the Administrative Procedure Act…."; *id.* ¶ 16; Doc. 45 (Opposition to EPA's Motion to Dismiss) at 7, explaining

---

[3] The Court's Order of December 16, 2024 (Doc. 48) struck the Revised Rule 26(f) Report but that report still contains the explanations of the parties.

that that "any judicial review . . . shall be in accordance with sections 701 through 706 of Title 5 [the APA]."

As an initial matter, parties are generally required to make initial disclosures under Fed. R. Civ. P. 26(a)(1). However, no such disclosures are to be made in cases involving challenges based on an administrative record, such as Counts I-III of the Amended Complaint. Under that rule, "an action for review on an administrative record" is "exempt from initial disclosure." Fed. R. Civ. P. 26(a)(1)(B)(i). *See also Taylor v. United States*, No. 7:11-cv-268, 2012 WL 5928269 (E.D.N.C. Nov. 26, 2012) (exemption applies when plaintiff challenges agency action under the APA). There can, therefore, be no dispute that initial disclosures are not required, by rule.

There also should be little dispute that discovery is not permitted. In "adjudicating claims arising under the APA . . . , the Court must 'determine, whether or not, as a matter of law, the evidence in the administrative record permitted the agency to make the decision it did . . . applying the proper standard of review in the APA *while simultaneously confining its analysis to the administrative record*.'" *Freshwater Accountability Project v. U.S. Army Corp of Engineers*, 629 F. Supp. 3d 761, 770 (S.D. Ohio 2022) (emphasis added, quotation omitted). *See also S. Forest Watch, Inc. v. Jewell*, 817 F.3d 965, 977 (6th Cir. 2016) (quotations omitted) ("In an APA action, our review generally is 'limited to the administrative record, which includes materials compiled by the agency at the time its decision was made….' 'The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'"); *Apogee Coal Co., LLC v Director, Office of Workers' Comp.*, 112 F.4th 343, 351 (6th Cir. 2024); *Little Traverse Lake Prop. Owner Ass'n v. Nat'l Park Serv.*, 883 F.3d 644, 657 (6th Cir. 2018), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (emphasis in original) ("The task of the reviewing court is to apply the appropriate

8

APA standard of review, 5 U.S.C. § 706, to the agency decision *based on the record the agency presents to the reviewing court*."); *Mills v. Sec'y of the Army*, 371 F.Supp.3d 423, 428 (S.D. Ohio 2019) (a challenge to an agency action under the APA "confine[s] this Court's review to the administrative record."). This is true regardless of whether the agency decision-making included a hearing. *Fla. Power*, 470 U.S. at 744 ("The APA specifically contemplates judicial review on the basis of the agency record compiled in the course of informal agency action in which a hearing has not occurred. *See* 5 U.S.C. §§ 551(13), 704, 706.").

Because a challenge to an agency decision under the APA is to be based solely on the record actually before the agency when it made the challenged decision, discovery is generally not permitted. *See Fla. Power*, 470 U.S. at 743-744 (*citing Camp v. Pitts*, 411 U.S. 138, 142 (1973) (referring to a strong presumption against discovery in administrative law cases). Thus, courts generally prohibit discovery, limiting review solely to the administrative record. *See, e.g.*, *CareToLive v. von Eschenbach*, No. 2:07-cv-729, 2007 WL 3232454 at *2 (S.D. Ohio, Nov. 1, 2007); *NVE, Inc. v. Dep't of Health and Human Serv.*, 436 F.3d, 182, 195 (3rd Cir. 2006) ("There is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process."); *Friends of the Earth v. Hintz*, 800 F.2d 822, 828-29 (9th Cir. 1986) (affirming district court decision to quash deposition subpoena and limit review to the administrative record); *Joseph G. Moretti, Inc. v. Hoffman*, 526 F.2d 1311, 1312 (5th Cir. 1976) (affirming district court decision prohibiting discovery because review of Corps' decision under the Clean Water Act is limited to the administrative record); *Newton Cnty. Wildlife Ass'n v. Rogers*, 948 F. Supp. 50, 51-52 (E.D. Ark. 1996), *aff'd*, 141 F.3d 803 (8th Cir. 1998) (limiting judicial review of agency decision under the APA to the administrative record and granting motion for a protective order).

9

It does not matter that here Gavin seeks discovery generally based on its allegation that EPA failed to affirmatively take action to stop Gavin (or the prior owner of the Cheshire facility) from closing the Fly Ash Reservoir with CCR in groundwater.  "Judicial review is ordinarily limited to the administrative record, even in cases regarding agency *inaction*." *Kotha v. Renaud*, No. 3:21-CV-641, 2021 WL 4027697 at *2(N.D. Tex., May 12, 2021) (emphasis added).  Accordingly, "[a]s a general matter, 'claims brought under the APA are adjudicated without trial or discovery, on the basis of the administrative record[.]….' [Citations omitted].  This 'reflects the recognition that further judicial inquiry into "Executive motivation" represents "a substantial intrusion" into the workings of another branch of Government and should normally be avoided.'" *Mayor and City Council of Balt. v. Trump,* 429 F.Supp.3d 128, 137 (D. Md. 2019), quoting *Dep't of Commerce v. New York,* 139 S.Ct. 2551, 2573 (2019).

A party may seek to supplement the administrative record through discovery only under extremely limited conditions, as "[s]upplementation of the record before the reviewing court is rare and requires 'exceptional circumstances.'" *Little Traverse Lake Prop. Owner Assoc. v. Nat'l Park Service,* 883 F.3d 644, 657 (6th Cir. 2018).  *See also Davis v. Mayorkas*, No. 1:21-cv-615, 2022 WL 14656793, at *2 (S.D. Ohio, Oct. 25, 2022).  Indeed, a district court has no discretion to order discovery in a challenge to an agency decision absent a showing of such exceptional circumstances.  *Ctr. for Biological Diversity v. U.S. Forest Serv.*, No. 2:17-cv-372, 2018 WL 7200718, at *7 (S.D. Ohio Sept. 7, 2018), quoting *Charter Tp. Of Van Buren v. Adamkus*, No. 98-1463, 1999 WL 701924, at *4 (6th Cir. Aug. 30, 1999) (emphasis added) ("The district court may exercise its discretion to supplement the administrative record *only* under 'exceptional circumstances.'").

10

The Sixth Circuit has defined the type of exceptional circumstances required to allow for discovery in a challenge to agency action under the APA.  In the context of APA review, supplementation of the administrative record is appropriate "when an agency deliberately or negligently excludes certain documents, or when the court needs certain 'background information in order to determine whether the agency considered all factors.'"  *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (quoting *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996)).  There is no allegation that either of these factors is present, nor could there be, *at least* until after EPA files the administrative record.  *See* Section III, *infra*.

Moreover, in order to even rely on one of the two factors identified by the Sixth Circuit to support the exceptional circumstances required to establish a basis for discovery, the party seeking discovery must also make a "strong showing of bad faith" by the agency.  *Id.*.  *See also Harkness v. Sec'y of the Navy*, 858 F.3d 437, 451 (6th Cir. 2017); *Partners in Forestry Co-o v. U.S. Forest Serv.*, 638 Fed. Appx. 456, 468 (6th Cir. 2015); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (a party seeking discovery in an administrative review case must make a "strong showing" of "improper behavior.").  Such bad faith must be established, not merely alleged, in order to overcome the presumption that government officials have acted properly and in good faith.  *Hickey v. Chadick*, No. 2:08-cv-0824, 2009 WL 3064445 at *4 (S.D. Ohio, Sept. 18, 2009); *Tafas v. Dudas*, 530 F.Supp.2d 786, 797 (E.D. Va. 2008) (citing cases applying this high standard of proof of bad faith).  "Absent clear evidence to the contrary, the reviewing court assumes the agency has properly designated the administrative record." *Sherwood v. Tennessee Valley Auth.*, 590 F.App'x 451, 459-60 (6th Cir. 2014).

Not only has Gavin made no such showing, it makes no allegation that EPA even knew that the Fly Ash Reservoir was so pervasively in violation of the Waste-in-Place Closure

11

Requirements at the time of its closing, let alone that EPA then affirmatively allowed that unit to be closed notwithstanding such noncompliance.  It was not until EPA was required to consider Gavin's extension request for the Bottom Ash Pond that EPA had occasion to fully examine Gavin's compliance with regulatory requirements at the entire Cheshire facility.

Rather than waiting to examine the administrative record to understand the process under which EPA became aware of the extent to which the Fly Ash Reservoir was out of compliance with important regulatory requirements, Gavin seeks to go on a fishing expedition, inquiring into the knowledge and thinking of individual federal officials, regardless of what the record reveals. Revised Rule 26(f) Report at 2.  This is precisely the type of information that a party may *not* seek in challenging an administrative decision.  *Overton Park*, 401 U.S. at 420 ("[I]nquiry into the mental processes of administrative decisionmakers" is ordinarily not proper unless there is "a strong showing of bad faith or improper behavior. . . .").  Gavin has made no such showing nor has it even alleged bad faith in its Amended Complaint.  Accordingly, there is no basis for allowing discovery as it relates to Counts I-III of the Amended Complaint, which raise solely claims under the APA.

Gavin cannot overcome this deficiency by relying on the portion of Count III of the Amended Complaint which alleges a violation of procedural due process under the Constitution. As Gavin explains, "the APA empowers the Court to 'hold unlawful and set aside agency action, findings and conclusions found to be . . . contrary to constitutional rights, power, privilege, or immunity.' 5 U.S.C. § 706(2)(B)."  Am. Compl. ¶ 105.  Accordingly, as outlined *supra*, Gavin brought its claim of violation of constitutional rights (Count III) directly under the APA.  And there is no discovery to be accorded to such claims.  *Norton v. Beasley*, No. 5:17-cv-351, 2019 WL 2127297 at *3 (E.D. Kentucky, May 15, 2019) ("Claims that an agency violated

constitutional rights are reviewed pursuant to the APA, which, as noted, does not permit discovery in this circumstance."). *See also Jarita Mesa Livestock Grazing Ass'n v. United States Forest Serv.*, 58 F.Supp.3d, 1191, 1240 (D.N.M. 2014) (limiting judicial review to the administrative record, noting that plaintiff's constitutional claim "does not change the procedural framework under which the case must progress: the APA.").

Ultimately, "where a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate." *Chang v. United States Citizenship & Immigr. Services*, 254 F.Supp.3d 160, 162 (D.D.C. 2017). *See also J.L. v. CISSNA*, No. 18-cv-04914, 2019 WL 2224851 at *1 (N.D. Cal., March 8, 2019) (explaining that in those circumstances where discovery *has* been allowed for constitutional claims in an action otherwise raising claims under the APA, there was no overlap with the APA claims). Here, there is clearly overlap, as Gavin has brought its constitutional claim specifically – and solely – under the APA. Am. Compl., Count III (Title), ¶ 105. *See also id*. ¶¶ 11, 12 and 16, asserting jurisdiction for *all* its claims solely under the APA; pp. 7-8, *supra*. Accordingly, for the reasons outlined above, there is no basis to allow discovery (or initial disclosures) related to any allegations in Counts I-III of the Amended Complaint.

## B. Gavin's Claims of Wavier and Estoppel May Not be Pursued in This Court and Thus Cannot Form the Basis for Discovery

Apparently cognizant of the multiple rulings that make clear that neither initial disclosures nor discovery is permitted for its claims brought pursuant to the APA, Gavin asserts that it should have a right to initial disclosures and discovery based instead on its common law claims of waiver and estoppel, which are set out in Counts IV and V of the Amended Complaint. Revised Rule 26(f) Report at 2 (arguing that these claims, unlike Counts I-III brought under the APA, "are not exempt [from initial disclosures and discovery] under Fed. R. Civ. P.

13

26(a)(1)(B)(i)."). But a plaintiff challenging an agency decision cannot create a basis for discovery by pleading common law claims that cannot, as a matter of law, exist.

As demonstrated in EPA's pending Motion to Dismiss, waiver and estoppel are affirmative defenses enumerated in Federal Rule of Civil Procedure 8(c)(1) and may not be brought as affirmative claims in a complaint. *Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 554 n.1 (6th Cir. 2009) ("[E]quitable estoppel is not a cause of action but a judicial doctrine that bars the assertion of a claim or defense."); 28 Am. Jur. 2d Estoppel & Waiver § 183 ("Waiver is not a cause of action because it cannot create liability in and of itself, and a cause of action cannot be based on a waiver."); *Infinity Roofing & Siding, Inc. v. Allstate Ins. Co.*, No. 21-cv-889, 2022 WL 19005152, at *1 (W.D. Mich. Dec. 12, 2022) ("[W]aiver and estoppel are not causes of action that may be asserted in a complaint."). *See also* Reply Br. at 16-17 (citing numerous cases).

Additionally, as EPA has further detailed, even if waiver and estoppel *could* be asserted as affirmative claims in a complaint, Gavin has failed to plead the essential elements of such claims as against EPA. Mtn. to Dismiss at 18-19; Reply Brief at 19. Gavin is not entitled to discovery when it has failed to even allege the specific elements required to establish claims (actually, defenses) of waiver and estoppel against the United States.

Finally, and perhaps most importantly, while a stay of discovery may not be appropriate where it is based on a "garden variety Rule 12(b)(6) motion," a stay should be granted where it "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay . . . ." *Ray v. Director, Ohio Dep't of Health*, No. 2:18-cv-272, 2018 WL 4907080, at *2 (S.D. Ohio, Oct. 10, 2018), quoting *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397 at *2 (S.D. Ohio). *See also Gilligan v. Hocking Cnty., Ohio*, No. 2:23-cv-625, 2024

WL 957751 at *2 (S.D. Ohio, March 6, 2024); Fisher v. City of Columbus, No. 2:24-cv-150, 2024 WL 4134849 at *3 (S.D. Ohio, Sept. 10, 2024), quoting *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (emphasis added) (where motion to dismiss is based on the defendant's asserted immunity, "the court *must* stay discovery until that issue is decided."). As addressed in EPA's Motion to Dismiss, Congress has not waived the United States' sovereign immunity for common law claims of waiver and estoppel, nor has Gavin alleged that it has. Reply Br. at 18. Accordingly, Counts IV and V of the Amended Complaint (Waiver and Estoppel) provide no more basis for proceeding with discovery that do Gavin's APA claims under Counts I-III.

## II.    THE COURT OTHERWISE LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS AND DISCOVERY SHOULD THEREFORE NOT PROCEED

Even if Gavin *had* brought claims that allow for discovery, initial disclosures and discovery should still not proceed in this case because the Court lacks subject matter jurisdiction over Gavin's claims. "District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F.App'x 139, 141 (6th Cir. 2005), citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). This is particularly true when the discovery sought does not go the preliminary questions raised by the defendant. *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003), quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995) ("Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"). *See also Nexus Gas Transmission, LLC v. City of Green, Ohio*, 757 Fed. Appx. 489, 496 (6th Cir.2018).

EPA has moved to dismiss the claims in the Amended Complaint based on lack of standing, lack of ripeness, lack of a final agency action, and issue preclusion. Gavin does not seek discovery related to *any* of these issues. Instead, Gavin seeks discovery related to "the

15

identity of individuals involved in EPA's changing interpretations of RCRA and decision to apply new interpretations retroactively as well as EPA's factual findings and compliance determinations regarding the Facility, the types of information those individuals possess, and the category and location of relevant discoverable material."  Revised Rule 26(f) Report at 2.  None of these inquiries go to whether, with its extension request having lapsed, Gavin has a ripe claim, or an imminent injury that would support standing.  Neither do Gavin's inquiries go the issue of whether it is challenging a final agency action, or whether Gavin's claims have already been decided by the D.C. Circuit.  The discovery proposed by Gavin will not alter or otherwise address any of the defenses raised in EPA's Motion to Dismiss, all of which will prohibit this action from going forward if accepted by the Court.

Even more importantly, all of the defenses raised by EPA in its Motion to Dismiss, with the exception of issue preclusion, are brought under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  While a stay of discovery may not, as outlined above, be appropriate where it is based on a "garden variety Rule 12(b)(6) motion" for failure to state a claim upon which relief can be granted, *Ray,* 2018 WL 4907080, at *2, that is not the case when a motion to dismiss is pending under Fed. R. Civ. P. 12(b)(1), which challenges the subject matter jurisdiction of a court to even consider the plaintiff's claims.  Indeed, courts regularly stay all discovery when there is a motion pending to dismiss the action for lack of subject matter jurisdiction. *See, e.g.*, *Draper v. Ott*, No. A-14-cv-945, 2015 WL 808387, at *5 (W.D. Tex. Feb. 25, 2015).

Plaintiff has the burden of "proving jurisdiction in order to survive the motion" for lack of subject matter jurisdiction under Rule 12(b)(1), and must do so by showing that it has a "claim under federal law, and that the claim is 'substantial.'"  *Michigan Southern R.R. Co. v. Branch &*

*St. Joseph Counties Rail Users Ass'n,, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002), quoting *Musson Theatrical, Inc., v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A court has no authority to adjudicate claims or even discovery disputes when it lacks jurisdiction over the entire case, as no court may proceed to adjudicate claims based on "hypothetical" or assumed jurisdiction. *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("Without jurisdiction, the court cannot proceed at all in any cause."). *See also Sheldon v. Vilsack,* 538 Fed.Appx. 644, 647-48 (6th Cir. 2013); *Sault Ste. Marie Tribe of Chippewa Indians v. United States*, 9 Fed. Appx. 457, 460 (6th Cir. 2001). In this case, EPA has already submitted briefing (its Motion to Dismiss) asserting that the Court lacks subject matter jurisdiction on *multiple* grounds.

Specifically, EPA's pending Motion to Dismiss seeks to dismiss all of Gavin's claims based on, *inter alia*, lack of finality, lack of ripeness, and lack of standing. As detailed in EPA's Motion to Dismiss, each of these elements is required for the Court to have jurisdiction over Gavin's claims, either under Article III of the Constitution or under the APA, which provides the Court with jurisdiction only over challenges to agency actions that are final. Motion to Dismiss at 10-16; Reply Brief at 2-12. *See also Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279-80 (6th Cir. 1997) (in assessing whether it is appropriate for a federal court to hear a pre-enforcement challenge, the plaintiff must have standing; the particular challenge must be ripe, and the issue must be fit for judicial resolution. Although these inquiries are treated separately, they are not entirely discrete and instead "cluster[] about Article III.").

As to Counts IV and V specifically, absent an express unequivocal congressional waiver of sovereign immunity, the Court lacks jurisdiction to entertain a plaintiff's common law claims against the United States. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*,

17

463 U.S. 206, 212 (1983). As demonstrated in EPA's Motion to Dismiss, Congress has not waived its sovereign immunity of the United States with regard to common law claims of waiver and estoppel (Counts IV and V), and thus the Court lacks jurisdiction to consider those claims. Additionally, the Court cannot have jurisdiction over Gavin's claims of waiver and estoppel because waiver and estoppel are not causes of action that may even be included in a complaint. *See* pp. 13-14, *supra*.

The United States has raised serious – and multiple – challenges to the jurisdiction of the Court to consider all five counts of the Amended Complaint. Under these circumstances, discovery (which, as explained in Section I, *supra*, is already not permitted on separate grounds), should not proceed, at least until after EPA's motion to dismiss for lack of subject matter jurisdiction is decided.

## III. IN THE EVENT THE COURT DOES NOT FIND THAT ALL DISCOVERY IS PRECLUDED, THE COURT SHOULD AWAIT THE FILING OF THE ADMINISTRATIVE RECORD BEFORE EVEN CONSIDERING ANY REQUEST BY GAVIN FOR DISCOVERY

Although, as detailed above, there is no basis for Gavin to engage in discovery in this case, any argument by Gavin that it is nevertheless entitled to discovery should not only await a ruling on EPA's Motion to Dismiss, it should, at the very least, await the filing of the administrative record by EPA, which would be filed in the event EPA's Motion to Dismiss is denied. *See Atieh v. Riordan*, 727 F.3d 73, 77 (5th Cir. 2013) (explaining that without the record, a court would be required to guess as to whether the record is complete or would meet the narrow exceptions that might support supplementation); *Norvell v. Blue Cross and Blue Shield Ass'n,* No. 1:16-cv-00195, 2018 WL 4335612, at *5 (D. Idaho, Sept. 10, 2018) ("To the extent an exception to the general rule [of no discovery in a case challenging an agency decision] exists, it should be addressed after the administrative record has been filed and vetted."). Indeed,

"[a]bsent a clear showing that the 'information base' that the agency relied upon was materially different than the record submitted to the Court, the APA prohibits discovery."  *American Bankers Assn' v. Nat'l Credit Union Admin.*, 513 F. Supp. 2d 190, 205 (M.D. Pa. 2007).  This, of course, can be established only by first considering and reviewing the administrative record that the agency relied on.

Gavin seeks to conduct discovery to assess EPA's interpretation of its regulations "as well as EPA's factual findings and compliance determinations regarding the Facility…."  Rule 26(f) Report at 2.  This is the very material that is contained in an administrative record.  Indeed, the challenged 94-page Denial Order discusses in detail EPA's factual findings and compliance determinations, which are fully supported by documents in the administrative record, as well as EPA's interpretation and application of its regulatory requirements.  Thus, even if the Court does not stay (prohibit) all discovery outright, discovery should be stayed until after the administrative record is filed *and* Gavin explains why it should be allowed to supplement that record through extra-record evidence obtained through discovery, i.e., why there are "extraordinary circumstances" that would warrant discovery.

## CONCLUSION

For the foregoing reasons, the Court should issue an order declaring that neither initial disclosures nor discovery should be permitted in this case.  In the alternative, the Court should order that all discovery (and initial disclosures) be stayed, at least until after the Court rules on EPA's pending Motion to Dismiss and, if that Motion is denied, until EPA files the administrative record and Gavin moves to supplement that record, sufficiently demonstrating the bases for doing so.

Respectfully submitted this 16th day of January, 2025,

19

OF COUNSEL:

LAUREL CELESTE
U.S. Environmental Protection Agency
Office of General Counsel
William Jefferson Clinton Building
1200 Pennsylvania Ave., NW
Mail Code 2344A
Washington, D.C. 20460

TODD KIM
Assistant Attorney General

/s/ *Perry M. Rosen*
PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044
202-353-7792
perry.rosen@usdoj.gov

KENNETH L. PARKER
United States Attorney

JOHN STARK
Assistant United States Attorney
U.S. Attorney's Office for the Southern
  District of Ohio
303 Marconi Blvd., Suite 200
Columbus, Ohio 43215
(614) 469-5715

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties, who have registered with the Court's CM/ECF system.

So certified this 16th day of January, 2025 by

<u>/s/  *Perry M. Rosen*</u>
Perry M. Rosen
Counsel for Defendants

21